IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Linda A. Hillary, | ) | Civil Action No. 3:10-cv-1148-RMG |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling. As detailed herein, this Court adopts the Report and Recommendation of the Magistrate Judge.

The Magistrate Judge recommended reversing the decision of the Commissioner denying benefits and remanding the matter to the Commissioner. (Dkt. No. 23). Defendant has filed notice of its intent not to object. (Dkt. No. 26).

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's

findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Law/Analysis

Plaintiff alleges that: (1) the ALJ did not perform the analysis of the treating and evaluating physician opinions as required by 20 CFR § 404.1527(d)(1)-(6), SSR 96-2p, and SSR 96-5p; and (2) the ALJ did not explain his findings regarding Plaintiff's RFC as required by SSR 96-8p. The Commissioner contends that the final decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence and free of legal error.

First, Plaintiff argues that the ALJ erred in failing to consider the opinion of Dr. Ford. Specifically, she contends that the ALJ never specifically identified Dr. Ford's findings, never analyzed the opinion, and never provided a reason for rejecting the opinion. Plaintiff further argues that the ALJ completely ignored Dr. Ford's assessment in determining her mental RFC. She asserts that there are no competing medical opinions by a treating or examining specialist and that the state agency psychologist opinion was prior to the time of her treatment by Dr. Ford.

In contrast, the Commissioner appears to argue that even though the ALJ did not expressly discuss Dr. Ford's opinion in terms of whether he rejected it or assigned it great weight, it was clear that he did not give it controlling weight because the ALJ found that Plaintiff retained the RFC to perform simple, routine tasks in a supervised environment with no interaction with public or team-type interaction with co-workers. The Commissioner contends that a failure of articulation is not reversible error because the Court can readily discern substantial evidence for the ALJ's findings.

3

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

Here, the action must be remanded to the Commissioner because it is unclear from the ALJ's decision whether he properly evaluated Dr. Ford's opinion. It is unclear whether Dr. Ford is a treating physician (such that his opinion may be entitled to controlling weight). Even if Dr. Ford is not a treating physician, the opinion of a source who has examined a claimant is generally entitled to more weight than the opinion of a source who has not examined a claimant. *See* 20 C.F.R. 404.1527(d).

Plaintiff also asserts that the ALJ failed to properly consider the statements and opinions of Dr. O'Shea and specifically argues that the ALJ erred by discounting Dr. O'Shea's opinion based on Dr. O'Shea's June 6, 2008 notation that he did not think Plaintiff was disabled. The ALJ discounted Dr. O'Shea's opinion in part (*see* Tr. 18 and 22) based on Dr. O'Shea's June 2008 notation (Tr. 288) that he did not think that Plaintiff qualified for disability based on her significant knee arthritis. This note, however, appears to be a scrivener's error, as Dr. O'Shea states later in the entry that Plaintiff had

significant arthritis and should qualify for disability. The ALJ should either clarify that this is not a scrivener's error or analyze Dr. O'Shea's opinions of disability in light of what appears to be a consistent note in June 2008.

Next, Plaintiff argues that the RFC assessment is conclusory and does not contain sufficient rationale or reference to the supporting evidence as required by SSR 96-8p. The Commissioner contends that the ALJ properly found that Plaintiff could perform a range of light work.

The ALJ's RFC assessment should be based on all the relevant evidence. 20 C.F.R. § 404.1545(a). Social Security Ruling 96-8p requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and non-medical evidence (e.g., daily activities, observations)." The RFC must "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . ." SSR 96-8. The ALJ must discuss the claimant's ability to work in an ordinary work setting on a regular work schedule. Id.

Here, the ALJ's RFC does not appear to be based on all of the relevant evidence because it is unclear whether the ALJ considered Dr. Ford's opinion. This action should also be remanded for the ALJ to determine Plaintiff's RFC based on all of the relevant evidence.

**Conclusion**

Based on the above, this Court adopts the R&R of the Magistrate Judge as the Order of this Court. Thus, based on the above and the grounds set forth in the Magistrate Judge's R&R, the denial of benefits is **reversed** pursuant to sentence four of 42 U.S.C. §

405(g) and the case is **remanded** to the Commissioner for further administrative action. The Court does not address the remaining issues because in light of the above, the ALJ's consideration of other items may require his further attention also.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 27, 2011
Charleston, South Carolina